UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANGEL M.C.V.,

          Petitioner,

v.

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; and

PAMELA BONDI, *U.S. Attorney General*,

          Respondents.

Civil No. 26-1665 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Ji Hae Kim, 1000 Nicollet Mall, Suite TPS 3120, Minneapolis, MN 55403, for Petitioner.

David W. Fuller and Jesus Cruz Rodriguez, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Angel M.C.V. was detained by U.S. Immigration and Customs Enforcement ("ICE") officials "in or about October 2025." (Verified Pet. for Writ of Habeas Corpus ("Pet.") ¶ 5, Feb. 27, 2026, Docket No. 1.) On February 27, 2026, Petitioner filed a petition for writ of habeas corpus, challenging the lawfulness of his detention. (*Id*.)

Because the Court concludes that Petitioner is being detained unlawfully, the Court will grant the petition and order Petitioner's immediate release.

## DISCUSSION

Petitioner Angel M.C.V is a citizen of Honduras and a resident of Willmar, Minnesota. (Pet. ¶ 1.) He entered the United States as an unaccompanied minor in 2019 when he was 17 years old. (*Id.*) On or around October 2025, Petitioner was arrested without a warrant and detained. (*Id.* ¶ 5.) Petitioner is currently detained in Minnesota. (*Id.* ¶ 6.)

Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention. The Court rejects that justification. To the extent Respondents rely on § 1225(b)(2), the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025);and *Romero Santuario v. Bondi*, Civ. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). Section 1225(b)(2) does not authorize the mandatory detention of an individual already present in the United States.

The Court therefore turns to the proper remedy. Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2) and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*,

No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Angel M.C.V.'s petition for writ of habeas corpus and order that he be released from custody.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Angel M.C.V.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    d. Given the potentially severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon

Petitioner's release, they are not left outside in inclement weather. It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and **without conditions** such as location tracking devices.

f. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

g. Both parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on March 6, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: March 3, 2026                         _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                         United States District Judge